OPINION
{¶ 1} Plaintiff-appellant Richard Whittington appeals the October 23, 2002 Judgment Entry of the Licking County Court of Common Pleas which denied appellant's motion for summary judgment and granted defendants-appellees Licking County Housing Coalition and Laura L. Day's motion for judgment on the pleadings, and appellee Raymond Pastorius' motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 11, 2002, appellant filed a complaint in the Licking County Court of Common Pleas. On September 19, 2002, appellant filed his motion for summary judgment. On September 23, 2002, appellee Pastorius filed a motion for summary judgment. On September 24, 2002, appellees Laura Day and Licking County Housing Coalition filed a motion for judgment on the pleadings.
 {¶ 3} After fully briefing each of the above referenced motions, the trial court proceeded to a non-oral hearing. In an October 23, 2002 Judgment Entry, the trial court denied appellant's motion for summary judgment, granted appellee Pastorius' motion, and granted appellees Licking County Coalition and Laura Day's motion. It is from that judgment entry appellant prosecutes this appeal.
 {¶ 4} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 {¶ 5} "(E) Determination and judgment on appeal.
 {¶ 6} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 7} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 8} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 9} At the outset, we note appellant's brief fails to comply with App.R. 12 and 16. Specifically, appellant fails to include a table of contents with page references; a table of cases; a statement of the assignments of error presented for review with reference to the place in the record where each error is reflected; a statement of the issues presented for review; a statement of the case and facts; a conclusion, and arguably, any argument containing the contentions of appellant with respect to each assignment of error; and the reasons in support of these contentions with citations to authorities, statutes and parts of the record upon which appellant argues.
 {¶ 10} App.R. 16(A)(1) through (8) requires the inclusion of each above-referenced section in an appellate brief. Because appellant's brief does not comply with the rules, we find his filing is tantamount to failing to file any brief. (For a similar result see Whittington v.Conrad, 2002-Ohio-6548, Licking App. No. 2002CA00092; Whittington v.Licking Co. Sheriff, 2002-Ohio-5290, Licking App. No. 02CA78.)
 {¶ 11} Accordingly, appellant's appeal is dismissed.
By: Hoffman, P.J. and Wise, J. concur.
Edwards, J. dissents.
topic: failure to comply with App.R. 12 16.